**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
)
)
)
v. ) I.D. No.: 2401001118
)
)
)
ANDRA MANUEL )
)
Defendant. )
)

Submitted: March 13, 2026
Decided: March 18, 2026

**ORDER DENYING DEFENDANT'S
MOTION TO DISMISS**

On this 18th day of March, 2026, upon consideration of Defendant Andra Manuel's ("Defendant") Motion to Dismiss (the "Motion"), and the record in this case, it appears to the Court that:

1.  On January 16, 2024, Defendant was indicted on two counts of Murder in the First Degree, one count of Burglary in the First Degree, three counts of Possession of a Deadly Weapon During the Commission of a Felony, one count of Possession of a Firearm by a Person Prohibited, and one count of Carrying a Concealed Deadly Weapon.[1]

---

[1] D.I. 1 (Indictment).

2. A trial was held from March 3, 2025, through March 7, 2025.[2] The jury could not reach a verdict, and a mistrial was declared.[3]

3. Defendant was reindicted on April 14, 2025.[4] The reindictment charged Defendant with two counts of Murder in the First Degree, one count of Robbery in the First Degree, three counts of Possession of a Firearm During the Commission of a Felony, and one count of Possession of a Firearm by a Person Prohibited.[5]

4. Defendant then filed the instant Motion on February 24, 2026,[6] and the State responded on March 13, 2026 (the "Response").[7]

5. A six-day trial is scheduled to begin on April 13, 2026.[8]

6. In the Motion, Defendant—through counsel—seeks dismissal of the Robbery in the First Degree charge and the associated Possession of a Deadly Weapon During the Commission of a Felony charge.[9] Defendant argues that these charges should be dismissed as vindictive prosecution because the State had "ample evidence" to charge Defendant with Robbery in the First Degree in the first indictment, but did not do so at that juncture.[10]

---

[2] D.I. 31 (Docket Record).
[3] *Id.*
[4] D.I. 44 (Reindictment).
[5] *Id.*
[6] D.I. 52 [hereinafter "Mot."].
[7] D.I. 54. [hereinafter "Resp."].
[8] D.I. 46 (Trial Scheduling Order).
[9] Mot. p. 5.
[10] *Id.* at p. 4.

2

7. In its Response, the State contends that the Motion should be denied because vindictive prosecution is implicated by the substitution of a more serious charge for a lesser one, but Robbery in the First Degree is a *lesser*-included offense of the original charge, Burglary in the First Degree.[11] Additionally, the reindictment also contains one fewer felony count, and thereby does not increase Defendant's potential period of incarceration relative to the original indictment.[12]

8. In the 2017 case *Holland v. State*, the Delaware Supreme Court explained that "vindictive prosecution is a federal due process concept that, generally, on reindictment or retrial, the State may not substitute a more serious charge for one brought in the initial proceedings."[13] It arises out of a concern that "prosecutors could dissuade defendants from pursuing their rights by holding as-or-more serious charges for the same behavior in reserve."[14]

9. To determine whether vindictive prosecution has occurred, the Court first assesses whether there is a "realistic likelihood" that the prosecutor acted vindictively.[15] If there is, the State must "show there was some legitimate reason why the charges couldn't be presented the first time."[16]

---

[11] Resp. p. 4.
[12] *Id.*
[13] 158 A.3d 452, 465 (Del. 2017) (granting motion to dismiss in relevant part because "the State failed to overcome the presumption of vindictive prosecution.").
[14] *Id.*
[15] *State v. Moran*, 820 A.2d 381, 389 (Del. Super. 2002).
[16] *Holland*, 158 A.3d at 466.

10. Here, there is not a realistic likelihood that the reindictment is vindictive. The Court highlights three considerations.

11. First, the reindictment does not include "as-or-more serious charges." Rather, the reindictment charges Defendant with a lesser-included offense that carries a lower mandatory minimum.[17] The original charge—Burglary in the First Degree (Home Invasion)—carries a mandatory minimum of *six* years at Level V,[18] while the substituted charge—Robbery in the First Degree—carries a mandatory minimum of *three* years at Level V in this case.[19]

12. Second, the reindictment removes, without substitution, the Carrying a Concealed Deadly Weapon charge. With fewer charges, Defendant's exposure to incarceration under the reindictment is less than or—at the very least—not greater than his exposure under the indictment.[20]

13. Third, the facts and circumstances do not indicate that the State would be vindictive here. In contrast, in *Holland*, the Court determined that the "human reality" of the situation increased the presumption of vindictive prosecution.[21] There,

---

[17] *See* 11 *Del. C.* § 826(b)(1).
[18] *Id.* at § 826(e).
[19] *Id.* at § 832(b)(1).
[20] *State v. Holland* quotes *Blackledge v. Perry*, 417 U.S. 21, 29 (1974), for the concern that "substituting a more serious charge for the original one . . . [subjects] [the defendant] to a significantly increased potential period of incarceration." 158 A.3d at 465–66. Here, the removal of a charge effectively *decreases* the potential period of incarceration, and the Court weighs this against vindictive prosecution.
[21] *Holland*, 158 A.3d at 466.

the Court concluded that the "sting" of a self-represented defendant "walk[ing] out of the court acquitted on multiple major charges and without a conviction on the others[,]" made it more likely that the State was acting vindictively.[22] The Court sees no such issues here.

14.    Accordingly, the Court concludes that the specific circumstances of this case do not trigger a realistic likelihood that the prosecutor acted vindictively.[23] Defendant's Motion to Dismiss is DENIED.

**IT IS SO ORDERED.**

Sheldon K. Rennie, Judge

---

[22] *Id.*

[23] Having resolved the Motion on this basis, the Court does not address whether the State had a "legitimate reason" for not bringing this charge in the original indictment. *See Holland v. State*, 158 A.3d at 466.